## Staunton.

PAXTON v. STEELE'S ADM'R & ALS.

SEPTEMBER 26th, 1889.

GENERAL RECEIVER—*Purchaser—Attorney—Client.*—Purchaser at judicial sale executed to S., as receiver, her bonds. To him, as her attorney, she also assigned certain claims to collect and pay on her bonds. Part of the collections he applied as directed; the balance he did not apply. There was nothing to show that he had charged himself, as such receiver, with said balance. *Held,* as S. collected the money as purchaser's attorney, she was not entitled to have it credited on her bonds until he had so applied it.

Appeal from decree of circuit court of Rockbridge county, rendered March 29, 1888, in a chancery cause therein pending under the short style of *Luckess' Ex'or, for, &c.,* v. *J. G. Paxton's Adm'r.* The decree being adverse to Mrs. Annie M. Paxton, one of the parties to the cause, she appealed. Opinion states the case.

*James Bumgardner,* for the appellant.

*E. Pendleton,* for the appellees.

LEWIS, P., delivered the opinion of the court.

In April, 1869, the appellant, Mrs. Annie M. Paxton, became the purchaser, for $12,000, of a certain house and lot in the town of Lexington, at a judicial sale thereof, made under a

decree in the chancery cause of *Luckess' Ex'or* v. *Paxton et als.*, pending in the circuit court of Rockbridge county; and after making the cash payment required by the decree of sale, she executed her four bonds to Joseph G. Steele, general receiver of the court, who was also the commissioner of sale, for the sum of $2,913 20 each, payable, respectively, at six, eighteen, thirty and forty-two months from the day of sale, with interest from date.

She also, on the same day, assigned to Steele, as her attorney, a number of claims for collection, upon some of which judgments had been obtained, and the proceeds of which she authorized him to apply to the payment of the bonds above mentioned. Some of these claims were subsequently collected by Steele, and the proceeds credited on the bonds. Steele is now dead, and it is conceded that the first, second and third of the bonds have been paid in full.

In the progress of the cause, it was referred to a master to ascertain the balance of purchase money due; who, in obedience to the decree, returned a report, stating the balance to be $6,193 11, as of November 1, 1888.

To this report Mrs. Paxton excepted, on the ground that she had been improperly denied the following credits, viz.: (1) $71 13 on account of the Templeton debt; (2) $240 38 on account of the Wright debt; (3) $253 18 on the Cummins debt; (4) $110 50 on Templeton debt, No. 2; and (5) $125 00 on account of bond of Eubank.

The exception, however, was overruled, and the report confirmed by the decree complained of.

The controversy in this court relates to the first four items above mentioned, it being conceded here that the appellant is not entitled to credit on account of the Eubank bond.

The claims in question were among those assigned by Mrs. Paxton to Steele; and her contention is that he collected them, and, as receiver, applied the proceeds to her credit. On the other hand, the contention is (1) that the claims were not col-

lected by Steele; and (2) that if, in fact, he did collect them, the collections were made by him as the attorney of the appellant, and that the proceeds never passed into his hands as receiver.

The latter view was sustained by the commissioner, in his report, which was confirmed, and in this conclusion there is no error. It is true the record shows that, in a written statement, furnished by Steele in his lifetime to Mrs. Paxton, he charged himself with the "amount of the Wright and Cummins debts;" but this statement does not purport to have been made by him as receiver; and taking the whole of it together, the inference, from the character of many of the items therein, is that it was made by him as the attorney of Mrs. Paxton, and not as receiver. Thus, it embraces a number of credits for *taxes, clerks' tickets, etc.,* paid by him for the appellant—which items could have no proper place in his receiver's accounts, and which show, moreover, that the proceeds of the assigned claims were considered and treated by the parties as subject to the order and control of the appellant, until they were actually credited on her purchase-money bonds.

Nor is this conclusion affected by the letter written by Steele to the Rev. F. B. Webb, dated February 9, 1875—which is made a part of the record—in which he wrote that he had arranged with Mrs. McBride for the payment of the Wright and Cummins debts; for what is meant by this is explained in the master's report, wherein it is stated that the arrangement consisted in Steele's taking Mrs. McBride's individual bonds for the debts—which, as receiver, he had no authority to do, and which, therefore, could not be considered as payment, or its equivalent, even had he, in taking the bonds, assumed to act as receiver.

It is settled law that an attorney-at-law has no authority to commute a debt in his hands for collection without the assent of his client, and, *a fortiori,* has a receiver of a court no such

authority.    *Smock* v. *Dade*, 5 Rand., 639; *Wilkinson* v. *Hollo-way*, 7 Leigh, 277.

But even if it were conceded that all the claims in question were collected by Steele, still there is no proof, that he ever passed the proceeds from himself, as attorney, to himself, as receiver; and this it was incumbent on the appellant to show to maintain her position.    Without something to show an election on his part to hold the money in his character as receiver—such, for example, as charging himself with it on his receiver's account, or entering it as a credit on the appellant's bonds—he continued chargeable with it as attorney, and to hold it subject to the appellant's order; and the responsibility therefor cannot be shifted to the sureties in his receiver's bond, whose rights are concerned, although they are not parties before the court.    This is well settled.    *Pratt* v. *Northam,* 5 Mason, 95; *Swope* v. *Chambers,* 2 Gratt., 320; *Stovall* v. *Banks,* 10 Wall., 583.

The appellant's exception to the master's report was, therefore, rightly overruled, and the decree must be affirmed.

Decree affirmed.