## UNITED STATES, to Use of GOODENOW, v. ÆTNA CASUALTY & SURETY CO.

(Circuit Court of Appeals, Sixth Circuit. April 6, 1925.)

No. 4216.

**United States ⬀67(3)—Action on bond of contractor for public work may be brought against surety alone.**

An action on the bond of a contractor for public work, under Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 (Comp. St. § 6923), to recover for labor and materials furnished, may be maintained against the surety alone without joining the contractor.

In Error to the District Court of the United States for the Western District of Michigan; Clarence W. Sessions, Judge.

Action at law by the United States, to the Use of Charles P. Goodenow, against the Ætna Casualty & Surety Company. Judgment for defendant, and plaintiff brings error. Reversed.

Dean S. Face, of Grand Rapids, Mich. (Jewell, Raymond & Face, of Grand Rapids, Mich., on the brief), for plaintiff in error.

Edgar H. Johnson, of Grand Rapids, Mich. (Travis, Merrick, Warner & Johnson, of Grand Rapids, Mich., on the brief), for defendant in error.

Before DONAHUE, MOORMAN, and KNAPPEN, Circuit Judges.

MOORMAN, Circuit Judge. This is a suit against the surety on a bond executed by Alvin R. Morrison, under Act of Congress of August 13, 1894, as amended by Act of February 24, 1905 (Comp. St. § 6923), for the faithful performance of a contract for the construction of a coast guard dwelling at Grand Haven, Mich. The District Court, without stating reasons therefor, sustained a motion to dismiss the proceeding, the grounds of which were that the petition did not show the plaintiff had title to the labor and material claims set out therein, and also because of defect of parties in that the contractor was not made a party defendant.

The petition alleges that on June 24, 1922, and at divers times after that date and be-

fore the date of final settlement between the contractor and the government, plaintiff supplied the contractor, at the city of Grand Haven, with labor and material "used by him in the construction of said building and accessories in the prosecution of the work provided for in said contract." A statement of the value of the labor and materials alleged to have been supplied and not paid for was attached to the petition as "Exhibit C." This sets forth various sums designated as payments to named persons for materials and wages.

Goodenow's name does not appear on the exhibit, in view of which it is assumed by counsel for defendant that plaintiff's claim is for money loaned to the contractor, to be used by him in paying for the labor and materials, from which it is argued that the statute is inapplicable. The assumption, in our opinion, is unwarranted, for the exhibit does not purport to show the conditions under which the materials were furnished and the wages paid. It is not, therefore, contradictory of the essential averments in the petition. When considered in connection with them, there is no detraction from their full import, which meets the requirements of the statute. Hence the question insisted upon is not presented.

The statute provides, among other things, that any person who has furnished labor and material on public work, who has not been paid, may intervene in any action instituted by the United States on a bond, and, if no suit is brought on the bond by the United States within six months from the completion and final settlement of the contract, then one who has supplied the contractor with labor and material and has not been paid therefor is authorized, upon complying with certain specified terms, to bring suit in the name of the United States against the contractor and his sureties in the district in which the contract was to be performed and executed for his use and benefit.

The right of action given the plaintiff is statutory, and is enforceable only in the manner prescribed by the act. It is contended by defendant that the phrase "against said contractor and his sureties" required plaintiff to sue both the contractor and surety, and that his suit against the surety alone, although in every other respect well founded, cannot be maintained. The point has not heretofore been decided. But a recovery by a creditor who had claims for material and labor against a contractor, in a suit against the surety alone, was permitted in

United States v. American Surety Co., 200 U. S. 197, 26 S. Ct. 168, 50 L. Ed. 437, and, under the Act of February 28, 1899 (30 Stat. 906), modeled after the Act of August 13, 1894, in Equitable Surety Co. v. United States, 234 U. S. 448, 34 S. Ct. 803, 58 L. Ed. 1394. Recoveries have also been allowed in proceedings wherein the contractor and surety were both sued, but only the surety was before the court. United States v. Schofield (C. C.) 182 F. 240; United States Fidelity & Guaranty Co. v. United States, 231 U. S. 237, 34 S. Ct. 88, 58 L. Ed. 200.

The first case, it is said, would lack analogy, if otherwise applicable, because under the old act there was no limitation upon the number of actions that could be brought by creditors, whereas the amendment of 1905 provided that only one action should be brought. We do not think this difference is substantial in effect. In the other cases cited, as in the first, the question was not raised. It is therefore a question of initial construction adaptable to the full purposes of the act; and with this in view a reasonably liberal interpretation is permissible. United States v. American Surety Co. of New York, 200 U. S. 197, 26 S. Ct. 168, 50 L. Ed. 437; Equitable Surety Co. v. United States, 234 U. S. 448, 34 S. Ct. 803, 58 L. Ed. 1394; Illinois Surety Co. v. John Davis Co., 244 U. S. 376, 37 S. Ct. 614, 61 L. Ed. 1206.

In construing this statute, the courts have frequently stated that the purpose of Congress in enacting it was to protect those who furnish labor and material for the prosecution of public work. Indeed, the various provisions of the act clearly manifest that purpose, for the terms imposed upon suing creditors, including the provision that only one action shall be brought, all look to the protection of the creditors of the contractor and in no wise seem to have in view the safeguarding of the contractor or his bondsman. It is difficult to see how that purpose in every instance could not be carried into effect in a suit against the bondsman alone. If it be thought that the contractor might interpose a defense that would be helpful to the bondsman or some creditor, established rules of procedure are available for making him a defendant. The creditor's right is permissive. He is given the right to sue "the contractor and his sureties." In the opinion of a majority of the court, it would be too narrow a construction to say that he is forbidden by the language quoted from bringing his action against the surety alone.

Judgment reversed.