[Civil No. 2984.   Filed March 23, 1931.]

[297 Pac. 862.]

UNITED STATES FIDELITY AND GUARANTY COMPANY, a Corporation, Appellant, v. ALFALFA SEED AND LUMBER COMPANY, a Corporation, Appellee.

Messrs. Forman & Gray, for Appellant.

Mr. William H. Westover, for Appellee.

ROSS, J.—This suit was commenced to recover on a contractor's bond. The principal on such bond was one G. A. Hill, and the surety the United States Fidelity & Guaranty Company. The bond, joint and several in form, was given to secure the faithful performance of a contract to construct a schoolhouse for Somerton school district No. 11 of Yuma county, and to protect the school district against claims for labor and material furnished the contractor; and, in terms, the bond ran in favor of laborers and materialmen.

The Alfalfa Seed & Lumber Company, claiming a balance of $5,485.75 due it for material furnished the contractor, sued the surety without joining as a party the principal obligor. In the complaint no reason is assigned for not making the principal obligor a party. The defendant surety company demurred to the complaint on the ground that it appeared upon the face thereof that there was a defect of parties defendant, in that the plaintiff had failed to join the principal obligor in the suit. This demurrer was overruled, and the case proceeded to trial and judgment against the surety company.

The latter appeals and assigns the court's order overruling the demurrer, and the correctness of this ruling is, we think, the only question before us. Its determination involves the construction of our statutes on the subject of joinder of parties defendant.

Section 3732, Revised Code of 1928, provides:

"The assignor, indorser, guarantor and surety upon a contract, and the drawer of a bill, which has been accepted, may be sued without the maker, acceptor or other principal obligor, when the latter reside beyond the limits of the state, or in such part of the same that they cannot be reached by the ordinary process of law, or when their residence is unknown and cannot be ascertained by the use of reasonable diligence, or be dead, or insolvent."

This section lays down a general rule to the effect that the person secondarily liable cannot be sued alone. The exception to this general rule is when the principal obligor or debtor is dead, insolvent, nonresident, etc., in which case action and judgment may go against the surety or person secondarily liable alone. The plaintiff did not plead facts to bring it within the exception, and, if the above section has not been altered, changed or repealed, the demurrer should have been sustained. Plaintiff relies, for its contention, that the surety could be sued alone, upon section 3836. Such section reads:

"All parties to a joint obligation, including negotiable paper, and partnership debts, shall be severally liable also for the full amount thereof. They may be sued thereon jointly or separately joining one or more, and judgment may be rendered in each, without barring an action against any of those not included in such judgment, or releasing any of those not sued; the court, may, however, require the plaintiff to bring in as defendants all parties jointly liable on the obligation in the action, and any subsequent judgment shall be for the amount unsatisfied."

These two sections (3732 and 3836) should be read and construed together. They were brought forward into the Revised Code of 1928 and re-enacted by the legislature at the same time, and, we must assume, to serve a purpose.

Section 3836 is found in that part of our laws treating of judgments and its emphasis is upon judgments and their effect. Because of its position in the statute it may be assumed that its primary object was not to prescribe who should be parties, but, rather, the effect of a several judgment; whereas section 3732 is found in the part of our laws concerning parties to suits or actions. While this fact is not controlling, it is significant.

Under the article "Parties to Actions" (sections 3724–3736) the legislature has undertaken to prescribe who are necessary, as also proper, parties to an action, and section 3732 is included therein. The purpose of such section was not to prohibit the joining of parties primarily and secondarily liable on contracts or commercial paper—that right was recognized—but to require the joining of the principal debtor or obligor, when not dead, or insolvent, or nonresident, etc., with the party secondarily liable. Then in one and the same action the plaintiff could be granted whatever relief he was entitled to and the respective rights, as between the primary and secondary debtor, could be adjusted, the debt reduced to judgment, binding alike upon the principal and the surety, with the right of subrogation available to the latter as provided in sections 3050–3055, Revised Code of 1928. While section 3836 provides that all parties to a joint obligation may be sued jointly or severally, and in terms contains no exception, nevertheless the exception to such rule is found in section 3732, wherein it is provided that in an action against a surety the principal must be joined, if not dead, or insolvent, etc. Both these sections being enacted at the same time should be given equal force and effect, and this may be done by holding that the right to sue the surety separately, given in section 3836, is conditioned upon the existence of facts bringing the case

within the exception stated in section 3732. This construction preserves both sections intact and evidently attains the legislative intent.

In 25 Ruling Case Law, 930, section 180, it is said:

"Effect should be given, if possible, to statutes *in pari materia,* enacted at the same legislative session, and where two acts relating to the same subject were under consideration and enacted at the same session of the legislature, the courts, it has been said, will exhaust all the resources of interpretation before coming to the conclusion that there is an irreconcilable repugnancy between them and that one repeals the other. Acts passed at the same legislative session are construed as one act on the same subject, And, instead of holding such acts repugnant, the courts will give effect to both, although in order to do so it becomes necessary to engraft one on the other, or incorporate the earlier into the later act, as an exception to its provisions. The fact that two statutes were passed at the same session of the legislature, and took effect on the same day, is strong evidence that they were intended to stand together."

This construction of sections 3732 and 3836 is in accord with section 3731, which provides, in effect, that a judgment may not be entered against a party not primarily liable upon a contract until judgment is obtained against the principal obligor in such contract.

While it was not necessary to the decision in *Rhoton* v. *Woolford,* 24 Ariz. 562, 211 Pac. 858, we said in passing:

"The maker of the note should have been made a party defendant, or one of the statutory reasons for not doing so, as that he was a nonresident, etc., or dead, or actually or notoriously insolvent, should have been set out in the complaint. (Par. 408, Civ. Code)" (1913; now 3732, Rev. Code 1928.)

What we there said was a recognition at least of the necessity of making the principal a party or giving a statutory excuse for not doing so. Unquestion-

ably the policy of our law is to determine the rights of all parties to a controversy in one suit, if possible. Section 3733 declares this policy and concludes:

"But when a complete determination of the controversy cannot be had without the presence of other parties, the court shall order them to be brought in."

In *Mosher* v. *Canfield,* 36 Ariz. 435, 286 Pac. 819, in passing upon the duty of the court under sections 3836 and 3733 to order additional parties, we said:

"The purpose of these provisions is obvious. It is to enable the court to settle speedily and in the one action, if possible, all of the rights of all of the parties interested in the subject-matter of the suit. We think the court's order highly commendable, and that a refusal to make it under the circumstances, it being made to appear that the debt was a partnership debt, would have been an abuse of discretion. No excuse for failure to make Wallace [the partner] a defendant is shown, such as inability to find him or nonresidence."

Plaintiff further claims the action properly lies against the surety alone because the bond is joint and several, and that it is but exercising a contract right. Section 3732 does not undertake to deprive plaintiff of any of its contract rights; it recognizes such rights, but requires that in their enforcement the principal obligor or debtor should be joined with the surety, or that the latter should not be sued alone unless the facts authorizing it are present.

We think a fair construction of our statutes on the question of parties requires that the principal in a contract should be made a party defendant with the surety when the latter is sought to be held liable thereon, and that the failure of the court to sustain the demurrer was error.

The judgment is reversed, and the cause remanded, with directions that the demurrer be sustained, with

permission to the plaintiff to amend his complaint by making Hill a party defendant.

McALISTER, C. J., and LOCKWOOD, J., concur.