SEABOARD SURETY CO. v. UNITED STATES, for Use and Benefit of MARSHALL-WELLS CO. et al.

No. 7678.

Circuit Court of Appeals, Ninth Circuit.
June 8, 1936.

349

Harry S. Kessler, of Boise, Idaho, and William Buchholz and Martin J. O'Donnell, both of Kansas City, Mo., for appellant.

Richards & Haga and Oliver O. Haga, all of Boise, Idaho, and Merwin Rankin and Dey, Hampson & Nelson, all of Portland, Or., for appellees.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

DENMAN, Circuit Judge.

This appeal arises from a suit brought by the United States for the use of material and supply men against appellant bonding company on a bond given under the Heard Act, 40 U.S.C.A. § 270 (repealed August 24, 1935, 49 Stat. 794), to secure their payment for goods, supplies, and services. The bond was executed by° one B. D. Morley as principal, and appellant as surety, for the performance of Morley's contract to build for the United States an infirmary building and connecting corridor at the Veterans' Administration Hospital, Boise, Idaho. Various suppliers became parties, and this appeal is from judgments in their favor.

Various errors are assigned. One group, affecting all the suppliers, raises the question whether, under the provisions of the Heard Act, the court obtains jurisdiction of the person of the surety if the plaintiff fails to join the principal on the bond. The pertinent portions of the statute provide that upon complying with a required showing to the department of the government constructing the building, "the person or persons supplying the contractor with labor and materials * * * shall be, and are hereby, authorized to bring suit in the name of the United States in the district court of the United States in the district in which said contract was to be performed and executed, irrespective of the amount in controversy in such suit, and not elsewhere, for his or their use and benefit, *against said contractor and his sureties,* and to prosecute the same to final judgment and execution: Provided, That where suit is instituted by any of such creditors *on the bond of the contractor* it shall not be commenced until after the complete performance of said contract and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract, and not later." (Italics supplied.) 40 U. S.C.A. § 270. (Repealed Aug. 24, 1935, 49 Stat. 794.)

Appellant argues that since the provision reads that the suit shall be "against said contractor and his sureties" and is to be "on the bond of the contractor," jurisdiction is not obtained over the surety unless the principal is joined in the action.

■ The Circuit Court of Appeals for the Sixth Circuit had this question before it and decided it adversely to the surety. United States, etc., v. Ætna Casualty & Surety Co., 5 F.(2d) 412, 413. We agree with the reasoning of that case and hold that jurisdiction in personam was obtained over the appellant.

The appellant next contends that the court erred in refusing to grant its cross-petition for an order to make a party defendant the contractor, Morley, principal on the bond. The motion was made within the year's time provided by the statute for the bringing of the suit on behalf of the suppliers of labor and material. The

appellant relies upon the italicized portion of the opinion in the Ætna Casualty Case, supra: "In construing this statute, the courts have frequently stated that the purpose of Congress in enacting it was to protect those who furnish labor and material for the prosecution of public work. Indeed, the various provisions of the act clearly manifest that purpose, for the terms imposed upon suing creditors, including the provision that only one action shall be brought, all look to the protection of the creditors of the contractor and in nowise seem to have in view the safeguarding of the contractor or his bondsman. It is difficult to see how that purpose in every instance could not be carried into effect in a suit against the bondsman alone. *If it be thought that the contractor might interpose a defense that would be helpful to the bondsman or some creditor, established rules of procedure are available for making him a defendant.*" (Italics supplied.) United States, etc., v. Ætna Casualty & Surety Co.- (C.C.A.) 5 F.(2d) 412, 413.

Appellant does not contend that the contractor if joined "might interpose a defense that would be, helpful to the bondsman." Its declared purpose in seeking to join the contractor is upon a claimed right in equity to avoid a multiplicity of suits. Along with the contractor, principal on the bond, appellant petitioned to have joined the Portland Sheet Metal Works, Inc., a subcontractor, and the Union Indemnity Company, surety on a bond given by the subcontractor to the contractor. Appellant sought to have adjudicated the obligation of the subcontractor and his bondsman to the contractor on the subcontractor's bond. Appellant contends that under the Heard Act the court could subrogate the defendant to the rights, if any, of Morley and the Union Indemnity Company and save the defendant harmless from a claimed breach of contract of. a subcontractor, the Sheet Metal Works.

It is our opinion that the statute upon which the United States brings suit on behalf of the suppliers of labor and material to the principal contractor does not contemplate anything more than adjudicating the obligation to such suppliers flowing from the bond given by the principal contractor and his surety. While the statute must be liberally construed for the purpose of protecting the claims of such suppliers, Fleischmann Const. Co. v. United States,

to Use of Forsberg, 270 U.S. 349, 46 S.Ct. 284, 70 L.Ed. 624, liberality of construction for their protection does not warrant an expansion of adjudicatory power to include controversies between other parties. It is a statutory remedy and gives no equitable jurisdiction whatsoever. So far as the statute contemplates a single action in which there may be tried the several causes of action of these suppliers, it is not designed to avoid a multiplicity of suits beyond the area of these suppliers' causes of action.

Appellant still may maintain, in a special action against the principal, any demand it may have for restitution of its payments as surety, whether arising from an implied or a quasi contractual obligation to it as surety or on an express agreement with the principal.

Appellant further claims that since the contractor, principal on the bond, was not joined and more than a year has elapsed without suit against the principal, thereby extinguishing the obligation of the principal on the bond, Mandel v. United States, to Use of Wharton & N. R. Co. (C.C.A. 3) 4 F.(2d) 629, the liability of the appellant surety is also extinguished. Appellant argues that with this claimed extinguishing of its obligation on the bond, the cause of action stated in the complaint no longer exists, and that since this latter extinguishment of the cause of action can be demonstrated to the court, the court has lost jurisdiction of the subject-matter. This position is not well taken. The extinguishing of a cause of action by acts subsequent to the filing of the complaint does not deprive the court of jurisdiction to render judgment. It may proceed to render judgment, and if it adjudicates there is a right of action where there is none, this is mere error and not absence of jurisdiction. Such a judgment on rights, conferred by a federal statute, is valid against collateral attack. United States, to Use of Hine, v. Morse, 218 U.S. 493, 504, 31 S.Ct. 37, 54 L.Ed. 1123, 21 Ann.Cas. 782.

The fundamental error in appellant's position rests in the contention, already determined adversely to appellant, that the contractor, principal on the bond, must be joined in the suit on the bond. Having decided that Congress intended that the suit could be brought against the surety alone, the mere lapse of time extinguishing the obligation of the unjoined principal would

not destroy the suppliers' right of action against the appellant surety. To hold otherwise would frustrate entirely the purpose of the statute.

■ Appellant claims error also in the denial and overruling of its motion to dismiss a petition filed by the Fidelity Reserve & Loan Company and in entering judgment against the defendant for the claim of that company. The Fidelity Company's petition alleges that it loaned money to a subcontractor, Portland Sheet Metal Works, and took its promissory note secured by an assignment of the subcontractor's contract with Morley. The claim is for a balance of $816.72 due upon the promissory note with interest at 8 per cent. per annum from January 6, 1933, and for attorney's fees provided in the note. Appellant's petition for dismissal admits there was more than enough due and unpaid on the assigned contract to discharge the note, interest, and attorney's fees. The court denied the appellant's motion to dismiss the petition of Fidelity Company, default was entered against appellant, the claim on the promissory note was heard, and judgment entered in favor of the Fidelity Company for the claimed balance due on the note of $816.72 and interest at 8 per cent. per annum from January 6, 1933, together with $150 attorney's fees and costs.

While a loan to a contractor creates no right against the surety on a Heard Act bond, United States v. Rundle (C.C.A.9) 100 F. 400, 403, and the loan company's petition alleges, "That it has become necessary for this intervenor to employ counsel to prepare and file its complaint in intervention and collect said note," the proper interpretation of the pleading is that the collection is to be made by realizing in this proceeding on the assignment. The order denying the dismissal is affirmed.

Appellant claims further error in a specific finding of the court that certain items of merchandise had been furnished by the Marshall-Wells Company which were ultimately used in the construction of the Boise infirmary, on the ground that the finding is not supported by the evidence. It also assigned error in entering judgment in favor of Marshall-Wells Company for the sum of $6,363.77 and costs, or for any other sum, for the reason that the evidence fails to show that the merchandise in said sum or in any different amount was used in the construction of the infirmary.

In this case a jury trial was waived and the trial proceeded to a decision by the court without any motion addressed to any of the issues raised by the various claimants for judgment on the ground that there was insufficiency of evidence. Appellant claims, however, that because it requested a finding one way or another on the issue of the amount of merchandise supplied by the Marshall-Wells Company to the infirmary and a judgment on the value thereof, it has requested specific findings thereon. The requests are in the following language:

"1. What items of material alleged in the complaint of the Marshall-Wells Company and set forth in its bill of particulars that was sold by the Marshall-Wells Company to the Portland Sheet Metal Works, Inc. went into the construction or building of the Boise Infirmary or was used in the prosecution of the work on said building.

"2. What was the reasonable value of the said items so sold by the Marshall-Wells Company to the Portland Sheet Metal Works, Inc. and which were used in the construction of the said Boise Infirmary."

There are no requests that specifically enumerated items of material did or did not enter into the construction of the building of the infirmary. Nor is there a request that a specific value of the items sold and used on the infirmary shall be found. As stated, they are no more than requests that the court shall find one way or another on specific issues of fact presented by the claimant.

■ The underlying purpose of the requirement that there shall be a motion for judgment, either of nonsuit or for the defendant, on the ground of insufficiency of evidence, before it can be reviewed on appeal, is that the court shall be advised of the claim with such argument thereon as is required for its presentation. The same reason underlies a denial on appeal of a review of the sufficiency of evidence to support a judgment on a certain issue, in the absence of a request specifically made that a certain set of facts be found by the court. For instance, in this case had the request been for a finding that no material had been sold by the Marshall-Wells Company, which went into the construction of the Boise infirmary, or that certain items only had so been sold and entered into such construction, it would have pre-

sented to the court an issue upon the hearing of which the court would have been advised of the claimed insufficiency of the evidence to find otherwise than as requested. Here, however, the appellant merely asked the court to find one way or another upon the issue of facts. No specific fact was requested to be found. A request for a finding on a *specific issue* is not a request for a *specific finding* on that issue. The judgment for the Marshall-Wells Company is affirmed.

Affirmed.