## LANDO v. EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES.

### No. 8074.

Circuit Court of Appeals, Ninth Circuit.

June 29, 1936.

Harry I. Stafford and Daniel R. Shoemaker, both of San Francisco, Cal., for appellant.

Frank D. Madison, Marshall P. Madison, Norbert Korte, and Leland B. Groezinger, all of San Francisco, Cal. (Pillsbury, Madison & Sutro, of San Francisco, Cal., of counsel), for appellee.

Before WILBUR, DENMAN, and HANEY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment denying recovery on several policies of insurance against permanent or presumably permanent disability. Appellant's case here rests on his claim that the evidence does not support the judgment. The first question to be disposed of is whether the bill of exceptions discloses an exception warranting such a review.

■ A jury was properly waived, and prior to the submission of the case the insured appellant moved for judgment in his favor and also moved for special findings. Appellant did not specify the ultimate facts desired to be found. His mere motion that the court make findings one way or another as to the ultimate facts is not a request for findings of specific facts sufficient in itself to warrant a review of the evidence. Seaboard Surety Co. v. U. S., 84 F.(2d) 348, decided by this court on June 8, 1936. So far as advising the lower court of the claim that the evidence required a judgment in his favor, the situation is the same as if the appellant had made no more than a motion for such a judgment.

■ However, his form of request for findings complied with rule 42 of the District Court for the district below, as follows:

"Rule 42.—Findings. * * *

"In actions at law, where a request for special findings of fact is made and granted, and in suits in equity, no judgment shall be entered until the findings and, in an equity suit, the conclusions of law, shall have been signed and filed or waived as hereinafter provided; but the rendition of the decision or opinion shall be deemed and considered, and shall be entered by the Clerk, *as merely a preliminary order for judgment*. Within five days after written notice of the decision, the prevailing party shall prepare a draft of the findings and, in an equity suit, of the conclusions of law, and deliver the same to the Clerk for the Judge and serve a copy thereof upon the adverse party, who may, within five days thereafter, deliver to the Clerk and serve upon the adverse party such proposed amendments or additions as he may desire.

"If the prevailing party fails to present such draft as above provided, the adverse party may prepare a draft thereof and deliver the same to the Clerk for the Judge and serve a copy thereof on the prevailing party within five days thereafter.

"The findings of fact and, where required, the conclusions of law, shall thereafter be settled by the Judge, and when so settled shall be engrossed within five days thereafter, and shall be then signed and filed. A failure to comply with the requirements of this rule may be deemed to be a waiver of findings by the party so failing." (Italics supplied.)

The District Judge denied plaintiff's motion for judgment in his favor and ordered that judgment be rendered for defendant and that proposed findings be prepared by defendant.

Following the process of the rule, the findings were prepared, served on plaintiff, settled and filed. Not until twelve days later was judgment entered on September 18, 1935.

Here the exception was not offered until after the judgment, when the court had no power to entertain it. First Nat'l Bank v. Philippine Refining Corp. (C.C.A.) 51 F.(2d) 218. Since we are confined to a bill of exceptions for an exception to the denied order for judgment giving us power to review the sufficiency of facts to support the judgment, and since the bill here discloses no such exception, the review must be denied and the decision below affirmed.

Affirmed.