**UNITED STATES of America, for the Use and Benefit of, STATHAM INSTRU-MENTS, INC., Plaintiff-Appellee,**

**v.**

**WESTERN CASUALTY & SURETY COMPANY, Defendant-Appellant.**

No. 16435.

United States Court of Appeals
Sixth Circuit.

April 12, 1966.

A. Fred Rebman, III, Blake Moore, Chattanooga, Tenn., Spears, Moore, Rebman & Williams, Chattanooga, Tenn., of counsel, for appellant.

J. Harvey Cameron, South Pittsburg, Tenn., Voegelin, Barton, Harris & Callister, Los Angeles, Cal., of counsel, for appellee.

Before PHILLIPS and CELEBREZZE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

CELEBREZZE, Circuit Judge.

This is an action brought pursuant to the Miller Act by the Plaintiff-Appellee, Statham Instruments, Inc., against Defendant-Appellant, Western Casualty & Surety Company. The case was submitted to the trial court upon motions for summary judgment filed by both parties. The trial court sustained the Plaintiff-Appellee's motion, overruled the Defendant-Appellant's motion, and gave judgment for the Plaintiff-Appellee. From this judgment the Defendant-Appellant appeals. The parties will be hereinafter referred to as Plaintiff and Defendant.

The pertinent and material facts of this case are not in controversy.

Plaintiff is a California corporation engaged in the manufacture and sale of various kinds of instruments including liquid level transducers. The Plaintiff sold two liquid level transducers to The Ross Corporation at a job site located in Tullahoma, Tennessee. The Ross Corporation was the prime contractor engaged in doing certain work for the United States Air Force at the Arnold Air Force Base, Tullahoma, Tennessee.

As required by the Miller Act, 40 U.S. C.A., Section 270a et seq., The Ross Corporation, as principal, took out a payment bond with the Defendant. On November 6, 1962, Plaintiff supplied The Ross Corporation with the two liquid level transducers at the job site in Tullahoma, Tennessee.

Thereafter, after making demands upon The Ross Corporation for payment and not being paid, the Plaintiff instituted suit against The Ross Corporation and Trinity Universal Insurance Company to recover the amount owed for the two liquid level transducers. It was alleged that The Ross Corporation was the principal and Trinity Universal Insurance Company was the surety. This suit was instituted on November 1, 1963. Trinity Universal Insurance Company, however, was not the surety for The Ross Corporation. For this reason the court sustained Trinity Universal Insurance Company's motion for summary judgment and dismissed the Plaintiff's claim against Trinity. The surety for The Ross Corporation was, in fact, the Defendant. However, no suit was commenced against the Defendant at the time The Ross Corporation and Trinity Universal Insurance Company were sued. It was not until December 4, 1963, that the Defendant was made a party to this action.

The question on appeal in this case is whether or not a plaintiff can commence an action against a surety more than one year after the material in question was supplied. It is the contention of the Defendant that an action under the Miller Act against the surety must be brought within one year after the material was supplied, and that this action was not commenced against it until it was made a party to the lawsuit. Defendant further contends that inasmuch as it was not made a party-defendant until December

4, 1963, more than one year after the Plaintiff supplied the materials here involved, the cause is barred.

Plaintiff contends that the action against the principal, The Ross Corporation, being commenced within the statutory time limitation, preserved the action against the Defendant-surety, even though Defendant was not named in the original complaint. Plaintiff argues that the action, once filed against the principal, tolled the statute of limitations as to the Defendant-surety, and therefore the amendment of the complaint related back to the filing of the original complaint.

■ Title 40 U.S.C.A., Section 270b (a) grants the supplier of labor or material to the prime contractor the right to sue on the payment bond furnished by the prime contractor pursuant to 40 U.S.C.A., Section 270a. 40 U.S.C.A., Section 270b(b) provides in part that *"no such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied by him."* (Emphasis added) Plaintiff concedes that compliance with this provision is a condition precedent to the right to maintain suit. Missouri-Illinois Tractor & Equipment Co. v. D. & L. Construction Co. & Associates, 337 F.2d 507 (C.A.8, 1964); United States for the Use of Soda v. Montgomery, 253 F.2d 509 (C.A.3, 1958). As stated in United States, to Use of Gibson Lumber Co. v. Boomer, 183 F. 726 (C.A.8, 1910):

"\* \* \* We are also of the opinion that the limitation prescribed by chapter 778, 33 Stat. 811,[1] is not merely a limitation on the remedy but on the liability itself. The statute created a new legal liability, with a right to a suit for its enforcement, provided the suit was brought within one year after the performance and final settlement of the contract and not later. The time within which the suit must be brought operates as a limitation of the liability itself, and not of the remedy alone.

It is a condition attached to the right to sue at all. Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statute, and the limitation of the remedy is therefore to be treated as a limitation of the right."

■ Plaintiff contends that the amendment adding a new party defendant relates back to the date of the filing of the original petition, and therefore brings the new defendant within the one year period of limitation. We do not agree. As a general rule, an amendment pursuant to Rule 15, Federal Rules of Civil Procedure, relates back only to the matters relating to the original parties of the complaint, or to correct a misnomer or a misdescription of defendant, and not to add or substitute a new party defendant. Slater v. Keleket X-Ray Corp., D.C., 172 F.Supp. 715; United States, to Use of Pittsburg Planing Mill Co. v. Scheurman, 218 F. 915 (D.C., Idaho, 1914); 3 Moore's Federal Practice, Section 15.15[4.1].

■ Plaintiff contends that the proposed amendment is merely to correct a misnomer; that the Plaintiff intended from the beginning to institute action against the Defendant. We would agree with the contention of Plaintiff if the proposed amendment was merely to correct the name of a party already in court. This is not the situation. The effect of Plaintiff's amendment is to add another party. This establishes a new and independent cause of action which cannot be maintained when the statute has run, for the amendment is one of substance rather than one of form and brings into being one not presently in court.

In United States, to Use of Pittsburg Planing Mill Co. v. Scheurman, supra, a case decided under the Heard Act, the predecessor of the Miller Act, the plaintiff sued the prime contractor and the wrong surety. After the one year limitation period, an amended complaint was filed substituting the correct surety.

1. Forerunner to Miller Act.

The Court held the action as to the surety must be dismissed, since the action was not commenced until the amended complaint was filed, which was after the one year limitation period had expired. The Court stated:

"* * * It is not denied that the original complaint was seasonably filed, but attention is drawn to the fact that the casualty company was not a party thereto, and was first brought into the suit by the filing of the amended complaint, more than eleven months after the expiration of the year. It is a familiar principle that a suit is not deemed to be commenced against the party brought in by amendment until such amendment is made; the amendment does not relate back to the filing of the original pleading."

Plaintiff distinguishes the present case from the *Scheurman* case, supra, in that in the *Scheurman* case the plaintiff substituted a defendant, whereas in the present case the defendant was added. We believe that the reasoning set forth in the *Scheurman* case is applicable to the addition of a defendant as well as to the substitution of a defendant.

■■ The Miller Act grants to the plaintiff the right to recover from the principal or surety,[2] or both, for work and material supplied. However, an action for recovery must be filed against the party or parties the plaintiff seeks to hold liable within one year after the last day on which the material was supplied. As this Court stated in United States, to Use of Goodenow v. Aetna Casualty & Surety Co., 5 F.2d 412 (C.A.6, 1925), a case involving the Miller Act, "the right of action given the plaintiff is statutory, and is enforceable only in the manner prescribed by the act". The Plaintiff in this case filed its amended complaint against Defendant after the one year limitation had expired, and, as stated in the *Scheurman* case, supra, it is a familiar principle that a suit is not deemed to be commenced against the party brought

in by amendment until such amendment is made. The amendment does not relate back to the filing of the original pleading. The District Court erred in not granting Defendant's motion for summary judgment.

The judgment of the District Court is reversed and the case remanded for further proceedings in accordance with this opinion.

HARRY PHILLIPS, Circuit Judge (dissenting).

The memorandum opinion of the district judge contains the following language:

"The Miller Act affords the use-plaintiff security in the performance of the government contract involved herein, and the surety's liability herein is co-extensive with that of its principal. United States [for Benefit and on Behalf of Sherman] v. Carter (1957), 353 U.S. 210, 77 S.Ct. 793, 1 L.Ed. (2d) 776, 782 (headnote 1). The principal being liable to the use-plaintiff, the surety is also liable, Stovall v. Banks (1870), [10 Wall. 583] 77 U.S. 583, 19 L.Ed. 1036, 1038, and the surety cannot escape liability because of the statute of limitations."

I respectfully dissent upon the basis of this reasoning. As said by the Supreme Court with respect to the forerunner to the Miller Act, speaking through Mr. Justice Brandeis in Illinois Surety Co. v. John Davis Co., 244 U.S. 376, 380, 37 S.Ct. 614, 616, 61 L.Ed. 1206: "Technical rules otherwise protecting sureties from liability have never been applied in proceedings under this statute."

I do not believe that the action against the surety is barred by the one-year statute of limitations, especially under the record in this case where no contention is made that the surety did not have actual notice of the filing of the original action against the principal.

In my opinion, Rule 15 of the Federal Rules of Civil Procedure does not pre-

2. United States, to Use of Goodenow v. Aetna Casualty & Surety Co., 5 F.2d 412 (C.A.6, 1925); United States for

Use of Way Panama, S.A. v. Uhlhorn International, S.A., 238 F.Supp. 887 (D.C. 1965).

clude the amendment of the complaint so as to make the surety a party defendant. The philosophy underlying the federal rules was well expressed by the Supreme Court in Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80:

"The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."

It would seem that any doubt as to interpretation of Rule 15 on this question in future cases will be removed by the recent amendment to Rule 15(c) which is scheduled to become effective July 1, 1966.

I would affirm.