746 P.2d 22

**SCA CONSTRUCTION SUPPLY,**
Plaintiff-Appellant,

v.

**AETNA CASUALTY AND SURETY
COMPANY, Defendant-Appellee.**

No. 1 CA–CIV 9031.

Court of Appeals of Arizona,
Division 1, Department D.

Aug. 27, 1987.

Review Granted Dec. 15, 1987.

William K. Whissen, Phoenix, for plaintiff-appellant.

Jennings, Kepner & Haug by Curtis A. Jennings, and Davis and Meyers by Douglas G. Wymore, Phoenix, for defendant-appellee.

## OPINION

### KLEINSCHMIDT, Judge.

This is an appeal from a judgment granting a motion to dismiss a claim for failure to join an indispensable party. The issue is whether a claimant on a payment bond furnished for a public construction project may bring an action on the bond without suing the general contractor. Because we hold that the claimant need not join the general contractor, we reverse and remand for further proceedings.

SCA Construction Supply (supplier) furnished materials and equipment to P & R Construction, Inc. (subcontractor), a subcontractor working on construction of the Mesa Municipal Courts Building. The general contractor was Steve Moorman Construction, Inc. (general contractor). The general contractor furnished a payment bond as the Little Miller Act, A.R.S. §§ 34-221 to -224 requires. Aetna Casualty and Surety Co. (surety) was the surety on the bond.

The supplier claimed that it had not been paid by the subcontractor and it sued the subcontractor and the surety on the bond. After the supplier's time for bringing a claim expired, the surety moved to dismiss on the ground that the supplier had not joined the general contractor. Relying on Rule 17(f), Ariz.R.Civ.P., the trial court granted the motion. Rule 17(f) reads as follows:

Actions against surety, assignor or endorser.

The assignor, endorser, guarantor and surety upon a contract, and the drawer of a bill which has been accepted, may be sued without the maker, acceptor or other principal obligor when the latter resides beyond the limits of the state, or in such part of the state that he cannot be reached by ordinary process of law, or when his residence is unknown and cannot be ascertained by the use of reasonable diligence, or when he is dead, or insolvent.

The Little Miller Act provides that a general contractor working on the construction of a public building must furnish a payment bond for the protection of claimants supplying labor or material to the general contractor or to its subcontractors. A.R.S. § 34-222(A)(2). The mandatory bond is a substitute for lien rights because a lien will not attach to public property. *Gen. Acrylics v. U.S. Fidelity & Guar. Co.*, 128 Ariz. 50, 52, 623 P.2d 839, 841 (App.1981). Anyone furnishing labor or materials who is not paid may sue on the bond. A.R.S. § 34-223(A).

The Arizona Little Miller Act is modeled after the federal Miller Act, 40 U.S.C. §§ 270a–270d. *Western Asbestos Co. v. TGK Constr. Co.*, 121 Ariz. 388, 390, 590 P.2d 927, 929 (1979). Because Arizona's formulation of the Act closely follows that of the federal Act, decisions construing the federal Act are highly persuasive in interpreting Arizona's Act. *Honeywell, Inc. v. Arnold Constr. Co.*, 134 Ariz. 153, 156, 654 P.2d 301, 304 (App.1982).

The Sixth Circuit addressed the question whether a bond claimant must sue both the general contractor and the surety to recover under a bond in *United States ex rel. Goodenow v. Aetna Casualty & Surety Co.*, 5 F.2d 412, 413 (6th Cir.1925). In *Aetna*, the plaintiff provided a contractor with labor and material for the construction of a coast guard dwelling. Upon completing the project, the plaintiff failed to receive payment from the contractor and he sued the surety for the value of his labor and materials. The district court dismissed the plaintiff's suit for failure to name the contractor as a party defendant. On appeal, the Sixth Circuit construed the language of the Heard Act, the predecessor of the Miller Act, to mean that a claimant need not join the general contractor when suing a surety. In doing so, the court first looked to the Act's purpose: the protection of those who furnish labor and material for the construction of public projects. *Id.* at 413. The court then stated that "[i]t is difficult to see how that purpose ... could

not be carried into effect in a suit against the bondsman alone." *Id.* The court further reasoned that where a general contractor might interpose a defense that would be helpful to the surety, established rules of procedure were available for making the general contractor a defendant. *Id.* In subsequent federal cases addressing this issue, the courts have followed the holding of the *Aetna* court. *See United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 945 (4th Cir.1967); *United States ex rel. Statham Instruments, Inc. v. Western Casualty & Sur. Co.*, 359 F.2d 521, 524 (6th Cir.1966); *Seaboard Sur. Co. v. United States ex rel. Marshall-Wells Co.*, 84 F.2d 348, 350 (9th Cir.1936).

The surety argues, however, that we should decline to adopt the federal courts' construction of the Miller Act in construing our Little Miller Act because the federal rules do not contain a counterpart to Rule 17(f), Ariz.R.Civ.P. It asserts that "because Rule 17(f) *specifically* forbids bringing an action only against the surety (except in certain limited circumstances) the logic and policy arguments of these federal decisions are not helpful" (emphasis in original). We disagree.

First, Rule 17(f) does not "specifically forbid" bringing an action against a surety alone. It simply lists situations in which a claimant need not join a principal obligor. It does not state that the listed situations are the only instances in which a surety may be sued alone. While the rule does not specifically require the joinder of both the surety and the principal obligor, we acknowledge that it infers that all principal obligors must be sued unless one of the listed exceptions exists. This is in keeping with the principle that "if a statute specifies one exception to a general rule, other exceptions are excluded." *See, e.g., Bushnell v. Superior Court*, 102 Ariz. 309, 311, 428 P.2d 987, 989 (1967).

■ The supplier argues, however, that a specific statutory provision governs over the provisions of a general rule. *See Lemons v. Superior Court*, 141 Ariz. 502, 505, 687 P.2d 1257, 1260 (1984). We find the supplier's argument on this point to be persuasive. Rule 17(f) is a general provision dealing with a variety of situations in which the parties share a joint obligation. The Little Miller Act is a specific statutory provision dealing with public construction projects and the obligations of general contractors and their sureties. When construing statutes and rules of procedure, we must read them in conjunction with each other and harmonize them whenever possible. *Phoenix of Hartford, Inc. v. Harmony Restaurants, Inc.*, 114 Ariz. 257, 258, 560 P.2d 441, 442 (App.1977).

■ In the case before us, we must presume that the Arizona legislature copied the federal Miller Act with the construction placed upon it by the federal courts. *State v. Haas*, 138 Ariz. 413, 418, 675 P.2d 673, 678 (1983). Because the federal courts have interpreted the Miller Act to allow a claimant to sue a surety without joining the general contractor, we presume that the Arizona legislature intended the same result under the Little Miller Act. If we were to view Rule 17(f) as an exclusive listing of the situations in which a claimant is permitted to sue a surety without the principal obligor, it would be impossible to harmonize Rule 17(f) with the construction placed upon the Miller Act by the federal courts. If Rule 17(f) is viewed as a general provision susceptible to unenumerated exceptions derived from statutes such as the Little Miller Act, the rule and the Act can be harmonized. Consequently, we view the specific provisions of the Little Miller Act as governing the general provisions of Rule 17(f).

■ There is a practical reason which favors this result. Like the federal Miller Act, the intent of the Arizona Little Miller Act is to protect those who furnish labor or materials in the construction setting. *See Western Asbestos*, 121 Ariz. at 391, 590 P.2d at 930. The surety has not argued that joinder of the general contractor is necessary to achieve a just resolution of the supplier's claim in this case. In its answer to the supplier's complaint, the surety did raise an affirmative defense of failure to join an indispensable party under Rule 19, Ariz.R.Civ.P. In its motion to

dismiss, however, the surety merely moved for dismissal under Rule 17(f). It never discussed the factors Rule 19 lists for determining whether joinder of a party is necessary for an action to proceed. Instead, the surety utilized a technical Rule 17(f) defense to obtain dismissal of the supplier's claim after the statute of limitations on the claim had run.

The modern trend favors a liberal construction of bond statutes in order to effect their purpose. *United States ex rel. Hill v. Am. Sur. Co.*, 200 U.S. 197, 202–203, 26 S.Ct. 168, 170, 50 L.Ed. 437, 440 (1906); *Ware County v. Nat'l Sur. Co.*, 17 F.2d 444 (S.D.Ga.1927). A narrow construction of the Little Miller Act would not only frustrate the purpose of the Act, but would also require joinder of parties that have only a nominal interest in the dispute. In this case, the supplier joined the subcontractor, who was the actual party in default. If the just resolution of a case requires the joinder of the general contractor, the protections afforded by Rule 19 exist.

■ Finally, we reject the surety's reliance on *United States Fidelity & Guaranty Co. v. Alfalfa Seed & Lumber Co.*, 38 Ariz. 48, 297 P. 862 (1931). In that case, our supreme court required the joinder of both the general contractor and the surety when a supplier sued to recover for materials furnished on a school project. *Alfalfa Seed & Lumber* is not dispositive because the Little Miller Act was enacted several years after the *Alfalfa Seed & Lumber* decision. The supreme court was therefore not called upon in that case to consider the type of statutory bond at issue here. Furthermore, the court in *Alfalfa Seed & Lumber* stated that joinder of a principal obligor is not required when "a statutory excuse for not doing so" is given. *Id.* at 52, 297 P. at 864. We find that the Little Miller Act, with the gloss bestowed by the federal cases which have construed it, is a sufficient statutory basis to excuse the surety's failure to join the general contractor.

Reversed and remanded.

SHELLEY and MANGUM, JJ., concur.

NOTE: The Honorable RICHARD K. MANGUM was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 3.