367 P.2d 665

**STATE AUTOMOBILE & CASUALTY UNDERWRITERS, Appellant,**

**v.**

**Max ENGLER and J. B. Smith, Appellees.**

No. 6874.

Supreme Court of Arizona.

In Division.

Dec. 29, 1961.

**322**

Perry & Perry, Phoenix, for appellant.

Lester Engler, Phoenix, for appellees.

. HENRY S. STEVENS, Superior Court Judge.

Appellant was the defendant, and appellees were the plaintiffs below. The plaintiffs filed suit against the defendant, alleging the defendant to be the surety on a bond required as a condition precedent to engaging in the business of being a dealer in motor vehicles as required by A.R.S. § 28–1305, subd. B. The section provides in part as follows: "The bond shall inure to the benefit of any person who suffers loss by reason of any unlawful act of the licensee." The name of the principal appears in the body of the complaint but the principal was not joined as a party.

Rule 17(f) [1] provides as follows: "The * * * surety upon a contract, * * * may be sued without the * * * principal obligor when the latter resides beyond the limits of the state, or in such part of the state that he cannot be reached by ordinary process of law, or when his residence is unknown and cannot be ascertained by the use of reasonable diligence, or when he is dead, or insolvent." The plaintiffs made no allegations in the complaint as to why the principal was not joined in the suit.

The basis of the complaint was the failure of the principal, alleged to be an individual "d/b/a Phoenix Scooter Center and Phoenix Scooter Center, Inc.", to pay money to the plaintiffs, which the principal received in connection with the sale of vehicles consigned to the principal by plaintiffs. Neither the complaint nor the answer was verified. The answer set up as the first defense that

---

1. All references to Rules are to 16 A.R.S. Rules of Civil Procedure.

plaintiffs failed to state a claim on which relief may be granted. Other assertions in the plaintiffs' complaint were adequately answered in the pleading filed by the defendant.

Plaintiffs filed a motion for summary judgment, supported by affidavits on behalf of plaintiff Engler and by plaintiff Smith. Both affidavits set forth facts showing the several consignments of vehicles, the sales of the several vehicles, and the receipt of money by the principal in relation to these transactions. The Engler affidavit, after reciting these various matters, states, "Licensee either converted the vehicles or the proceeds thereof," and the Smith affidavit, after several recitations, contains the following, "Either the vehicles or the proceeds thereof were converted by licensee."

The motion for summary judgment was argued to the court. No affidavit was filed by the defendant. The trial court granted the motion and judgment was duly entered. This appeal followed.

The appellant urges three basic propositions:

1. The defense of failure to state a claim for relief being well taken as appears from the face of the pleading, it was error to grant the motion for summary judgment.

2. Rule 56(e) in relation to motions for summary judgment requiring that the "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters therein stated" was not complied with in that the above quoted portions of the affidavits recited conclusions of law and not factual matters concerning which the affiant could testify.

3. It is obvious that the surety is in no position to know the facts and in no position affirmatively to deny the matters set forth in the plaintiffs' affidavits as such facts were only within the knowledge of the principal.

Rule 56(e) further states that when a motion for summary judgment is supported by affidavit "an adverse party may not rest upon the mere allegations or denials of his pleading, but must answer in detail as specific as that of the moving papers * * *. If he does not so answer under oath, summary judgment shall be entered against him."

Rule 56(f) provides: "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had, or may make such other order as is just." The defendant failed to file any responsive affidavits.

Subsection 6 of Rule 12(b) authorizes a party to present in a responsive

pleading the defense of "failure to state a claim upon which relief can be granted." Rule 12(i) relates to the waiver of defenses; and subsection 1 thereof provides that the defense of failure to state a claim upon which relief can be granted may be presented at the trial on the merits. In this case there was no trial on the merits. A party cannot sit by on the presentation of a motion for summary judgment which may well resolve the entire case and fail to urge this defense. The defendant urges that the requirement of Rule 17(f) is jurisdictional and cannot be waived. It is the opinion of this court that it is procedural and can be waived. Nowhere in the record does it appear that this matter was urged upon the trial court. This court cannot go behind the record; the defense was waived.

In relation to the motion for summary judgment, the defendant failed properly to present to the trial court any inability to controvert the affidavits of the plaintiffs, by failure to comply with the provisions of Rule 56(f). See § 1238 of Barron and Holtzoff's Federal Practice and Procedure.) Therefore, if the plaintiffs' affidavits comply with the requirements of Rule 56(e), the trial court must be affirmed.

It is often extremely difficult to draw the fine distinction between a statement of a legal conclusion and a statement of an ultimate fact. In the absence of the controverting affidavits by the defendant, it is the opinion of this court that the factual recitations which were clearly within the language of Rule 56(e) were such that each of the two affiants was justified in stating the ultimate facts above quoted. Judgment affirmed.

UDALL and LOCKWOOD, JJ., concurring.