GENERAL INSURANCE COMPANY OF
AMERICA, Appellant,

v.

UNITED STATES for the Use of AUD-
LEY MOORE & SON, Appellee.

No. 26241.

United States Court of Appeals
Fifth Circuit.

Jan. 21, 1969.

Rehearing and Partial Rehearing En
Banc Denied April 4, 1969.

Don W. Davis, Irion, Cain, Cocke,
Magee & Davis, Dallas, Tex., for appel-
lant.

Jack G. Neal, Ramey, Ramey & Neal,
Sulpher Springs, Tex., for appellee.

Before ALDRICH,* GODBOLD and
DYER, Circuit Judges.

* Of the First Circuit, sitting by designation.

GODBOLD, Circuit Judge:

Sulphur Springs, Texas has a new post office and federal building, and Audley Moore & Son, as a subcontractor of Professional Constructors, helped build it. Moore, not having been paid, made proper demand on Professional on May 4, 1966 for payment for labor and materials furnished. Payment was not made. This Miller Act case, 40 U.S.C.A. § 270a et seq., against General Insurance Company of America as surety on Professional's payment bond, was filed April 20, 1967.

The primary issue on appeal, which is dispositive of the case, is whether the claim was barred by the statute of limitations in the Act.[1] The trial judge overruled this defense and submitted the case to the jury, which returned a general verdict for appellee for the amount claimed.[2] The crux of the case is a determination of when the "last of the labor was performed or material was supplied."

It is undisputed that the only thing done by Moore after April 2, 1966 was to take final measurements and to make a final inspection pursuant to preparation of his final estimate or statement. This was done in the latter part of April. All other activity had ceased and all materials had been supplied as of April 2.[3]

We conclude that the limitations period began to run on April 2, 1966. Appellee had one year from that date in which to file suit. Going on the premises to make final inspections and measurements for the purpose of preparing a final estimate or statement is insufficient as a matter of law to constitute supplying labor within the meaning of 40 U.S.C.A. § 270b(b). Such activity involves no more "labor" than correcting defects in prior work. Yet cor-

---

1. 40 U.S.C.A. § 270b:

   "(b) Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing * * *, but no such suit shall be commenced after the expiration of one year after the day on which the last labor was performed or material was supplied by him. * * *"

2. The trial judge charged the jury that before returning a verdict for either party they must determine the last day upon which labor or material was furnished. They were instructed that if the last day was prior to April 20 the verdict must be for the defendant; if after, they should find for the plaintiff. The judge also charged that even if they found the work was completed prior to April 20, they still could find for plaintiff if they also found that defendant was estopped from asserting the limitations defense. Since the jury returned a general verdict, we do not know which theory was the basis of the verdict.

3. The undisputed evidence shows that the last of fifty-five payroll statements which Moore submitted to Professional was for the period of March 31, 1966 to April 2, 1966. The only work done after that date was characterized by Mr. Moore as follows:

   "Q. Mr. Moore, what was the last work that you did on the project location itself?

   A. That was final clean-up.

   Q. And when was this done?

   A. The last day of April and part of the first day of May. I wouldn't be positive of the two days, but it was in the latter part of April or the first of May.

   Q. Did you do anything else on the project at that particular time?

   A. Made all my final inspection and final measurements.

   Q. Now, measurements of what?

   A. Field measurements of work performed, such as so many lineal feet of curb and gutter, so many square feet of sidewalks, so many square feet of asphalt pavement.

   *     *     *     *     *

   Q. * * * what work, then, did you —did your firm do, sir, after, April 2, 1966?

   A. Along the latter part of April my son and I went down and made all final inspections and final measurements on the project, computing it to make a—to make a final estimate.

   Q. Final inspections—final measurements?

   A. To see if there was any cleaning up or anything to do to the job.

   Q. Did you do any cleaning up?

   A. As well as I remember, there wasn't anything to do." (Excerpts from Direct and Cross Examination.)

rection of errors has been held insufficient to extend the time for filing suit. See United States ex rel: Austin v. Western Electric Co., 337 F.2d 568 (9th Cir. 1964); United States ex rel. Circle-L-Electric Co. v. Hyde Construction Co., 255 F.Supp. 335 (N.D.Okla. 1966); United States ex rel. McGregor Architectural Iron Co. v. Merritt-Chapman & Scott Corp., 185 F.Supp. 381 (M.D.Pa.1960).

Appellee's theory would defeat the purpose of the 1959 amendment to section 270b(b) and restore some of the uncertainty the amendment was designed to remove.[4] Congress, by that amendment, attempted to set a specific, easily ascertainable date on which limitations begins to run. This court previously has said that the language of section 270b (b) is unambiguous and that the court must "give effect to the plain and obvious meaning of the statute without reading in or reading out." General Electric Co. v. Southern Construction Co., 383 F.2d 135, 138 (5th Cir. 1967). We will not depart from that rule now.

Appellee also claimed at the trial, and submitted to the jury, that appellant was estopped from asserting limitations as a defense because: (one), by its letter dated March 28, 1967 appellant led the "plaintiff to reasonably rely that the defendant would take some type of remedial action in seeing that plaintiff's claim was investigated and at a further date would advise him of what course of action the defendant planned to follow in connection with this claim;" (two), that appellee's attorney negotiated with the attorney for appellant about the joinder of General Insurance in a state court action but those negotiations failed and this action was instituted forthwith; (three), that a statement made in a letter from appellant's attorney to General Insurance about when the limitations period expired caused appellee to rely on that date as the date to file suit.

■ All of these matters are insufficient as a matter of law to create estoppel, under the circumstances of this case. The letter of March 28, 1967 is set out in the margin.[5] It contained no representations or promises which might reasonably be expected to induce reliance by Moore or his attorneys to its detriment, nor was there any deception. McWaters & Bartlett v. United States, 272 F.2d 291 (10th Cir. 1959).

■ As for the other two bases of appellee's claim of estoppel, it need only be pointed out that the record shows conclusively that at the time of the alleged negotiations and the letter to General Insurance the attorney that appellee asserts was appellant's counsel was at that time counsel for Professional Constructors only. It was not until a later date that he undertook representation of General Insurance.

The district court is reversed with directions to enter judgment for appellant.

---

4. The amendment substituted "day on which the last of the labor was performed or material was supplied by him" for "date of final settlement of such contract."

5. Dear Mr. Neal:
     *     *     *     *     *
We acknowledge receipt of your letter dated March 21, 1967. This is the first notice we have had of such a claim. At the present time we are asking Professional Constructors, Inc., to give us some information regarding this matter. As soon as we have heard from them we will contact you further. Nothing in this letter should be deemed a waiver by the General Insurance Company of America of any of the terms and conditions of its bond.

     Yours Very Truly,
     L. L. Launsbury
     Surety Claims