**GENERAL INSURANCE COMPANY OF AMERICA, Appellant,**

v.

**UNITED STATES for the Use of AUD-LEY MOORE & SON, Appellee.**

No. 26241.

United States Court of Appeals
Fifth Circuit.

April 4, 1969.

Don W. Davis, Irion, Cain, Cooke, Magee & Davis, Dallas, Tex., for appellant.

Jack G. Neal, Ramey, Ramey & Neal, Sulphur Springs, Tex., for appellee.

ON PETITION FOR REHEARING AND PETITION FOR REHEAR-ING EN BANC

Before ALDRICH,* GODBOLD and DYER, Circuit Judges.

PER CURIAM:

In our original opinion we held that appellee's going on the premises to make final inspections and to take measurements for the purpose of preparing his final estimate was insufficient to constitute supplying labor [in the prosecu-

* Of the First Circuit, sitting by designation.

tion of the work] within the meaning of 40 U.S.C.A. § 270b(b). The visit to the premises by appellant occurred in late April or early May. His activity on the premises had ceased for several weeks. His final payroll had been submitted for the period ending April 2.

 Appellee advances the theory that the taking of measurements, and the subsequent preparation of the final estimate on May 4, constituted supplying labor in the prosecution of the work, by reason of a general provision of the contract that "on the 25th of each month * * * subcontractor shall submit to the contractor an estimate of material on hand and work done." The gist of appellee's argument is that anything which he did in compliance with the terms of his contract constituted furnishing labor in the prosecution of the work, and until he discharged his every legal duty under the contract the statute of limitations did not begin to run.[1] Labor furnished in the prosecution of the work is not co-terminous with the outer limits of all duties provided by the contract.

 Our original opinion, 406 F.2d 442, referred, by way of analogy, to the principle that correction of errors does not extend the time for filing suit. In his petition for rehearing appellee directs us to the per curiam opinion in Trinity Universal Ins. Co. v. Girdner, 379 F.2d 317 (5th Cir. 1967), which states that the language in 40 U.S.C.A. § 270b(b) "is broad enough to include work performed upon the demand of the government to correct defects in the work as originally completed." *Id.* at 318. We consider *Trinity*. In that case the inspector refused to approve the original work unless defective parts were replaced. This is to be distinguished from the situation in which labor is supplied

or material furnished to correct defects after the work has been completed.

Appellee's other assertions of error also are without merit.

 The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (FRAP 35; Local Fifth Circuit R. 12), the Petition for Partial Rehearing En Banc is denied.

---

1. Without attempting a definitive list we point out that the contract required appellee to furnish partial releases and partial waivers of liens from his materialmen and creditors as from time to time requested by the prime contractor, to furnish final releases and waivers of liens at the time of final payment, to pay unemployment and retirement taxes (state and federal), and to defend against claims arising from the agreement. The performance of any or all of these obligations can occur after appellee's work is complete and can require expenditure of time and effort by him.