754 P.2d 1339

**SCA CONSTRUCTION SUPPLY,
Plaintiff–Appellant,**

v.

**AETNA CASUALTY AND SURETY
CO., Defendant–Appellee.**

**No. CV–87–0395–PR.**

Supreme Court of Arizona,
In Banc.

April 28, 1987.

Reconsideration Denied June 28, 1988.

William K. Whissen, Phoenix, for plaintiff-appellant.

Jennings, Kepner & Haug by Curtis A. Jennings, Phoenix, for defendant-appellee.

CAMERON, Justice.

### I. JURISDICTION

Defendant, Aetna Casualty and Surety Co. (Aetna), appeals from a court of appeals decision reversing the trial court's order dismissing all claims against Aetna for failure of the claimant to join an indispensable party. We have jurisdiction pursuant to Ariz.Const. art. 6, § 5(3), A.R.S. § 12–120.24, and Ariz.R.Civ.App.R. 23.

### II. ISSUE

We must answer the following question on review:

1. Under Arizona's Little Miller Act (A.R.S. § 34–221, *et seq.*) must a claimant who is seeking to recover from the surety on a payment bond furnished by a general contractor comply with the requirements of Ariz.R.Civ.P. 17(f) by joining the general contractor as a party defendant?

### III. FACTS

Steve Moorman Construction, Inc. (the general contractor) entered into a contract with the City of Mesa for the construction of the Mesa Municipal Court Building. The general contractor furnished a statutory payment bond as required by the Arizona Little Miller Act (Arizona Act), A.R.S. § 34–221, *et seq.* The payment bond listed the general contractor as principal obligor, Aetna as surety, and the City of Mesa as obligee.

P & R Construction, Inc. (P & R), a subcontractor on the Mesa Municipal Court Building, purchased and rented construction equipment and supplies from SCA Construction Supply (SCA). On 10 October 1984, SCA filed suit on the payment bond

naming P & R, Aetna, and several fictitious persons as defendants. The complaint alleged that P & R had failed to pay SCA for the construction equipment and supplies and had not returned the rental equipment. The complaint did not name the general contractor as a defendant.

On 19 November 1985, Aetna filed a motion to dismiss SCA's claim for failure to join the general contractor, an indispensable party, pursuant to Ariz.R.Civ.P. 17(f) (Rule 17(f)). The trial court granted Aetna's request and dismissed SCA's complaint.

SCA appealed to the court of appeals. The court of appeals, 155 Ariz. 281, 746 P.2d 22, held that a claimant attempting to recover on an Arizona Act payment bond furnished for a public construction project could bring an action on the bond without joining the general contractor. We granted Aetna's petition for review because we believe Rule 17(f) requires joinder of the general contractor.

## IV. RULE 17(f)

Rule 17(f) reads as follows:

The assignor, endorser, guarantor and surety upon a contract, and the drawer of a bill which has been accepted, may be sued without the maker, acceptor or other principal obligor when the latter resides beyond the limits of the state, or in such part of the state that the latter cannot be reached by ordinary process of law, or when the latter's residence is unknown and cannot be ascertained by the use of reasonable diligence, or when the latter is dead, or insolvent.

This rule was first enacted, in almost identical language, by the Territorial Legislature in 1901. Rev.State.Ariz.Terr. § 1307 (1901). The statute was recodified in 1913, Rev.Stat.Ariz.Civ.Code § 408 (1913), again in 1928, Rev.Code Ariz. § 3732 (1928), and once again in 1939, Ariz.Code Ann. § 21–519 (1939). All of these previous statutes cited above are nearly identical to the present Rule 17(f).

We considered the predecessor to Rule 17(f) in *United States Fidelity and Guarantee Co. v. Alfalfa Seed and Lumber Co.*, 38 Ariz. 48, 297 P. 862 (1931). The bond in *Alfalfa Seed and Lumber Co.* was sup-

plied by G.A. Hill, who was the principal obligor on the bond and the general contractor in the construction of a school house for the Somerton School District No. 11 of Yuma County. The surety on the bond was United States Fidelity and Guarantee Company. As did SCA in the present action, Alfalfa Seed and Lumber Company sued the surety without joining the principal obligor (G.A. Hill) on the bond as a defendant. The complaint stated no reasons for not making G.A. Hill a party to the action. The surety demurred, and the trial court overruled the demurrer. The case proceeded to trial and judgment was entered against the surety. On appeal, this court ruled that in all cases when a surety is sued, the principal must be joined in the action unless one of the exceptions found in Ariz.Rev.Code § 3732 (the predecessor to Rule 17(f)) are present. *Alfalfa Seed and Lumber Co.*, at 50, 297 P. at 863. As the court of appeals has stated:

> This rule, which was taken from a statute enacted prior to statehood, requires joinder of the principal in an action against a surety unless facts are shown to exist which bring the case within one of the exceptions stated in the rule. The purpose of the rule is to enable the courts to determine the rights of all parties to a controversy in one lawsuit, if possible. Once it is shown that the principal comes within one of the enumerated exceptions, however, a plaintiff may proceed against the surety alone. (citations omitted)

*Smith Plumbing Co. v. Aetna Casualty & Surety Co.*, 149 Ariz. 545, 551, 720 P.2d 520, 526 (App.1984), *approved as supplemented, Smith Plumbing Co. Inc. v. Aetna Casualty and Surety Co.*, 149 Ariz. 524, 720 P.2d 499 (1986), *cert. denied,* 479 U.S. 987, 107 S.Ct. 578, 93 L.Ed.2d 581 (1986). We believe the principal must be joined as a party defendant unless one of the exceptions set forth in Rule 17(f) is present or Arizona's Little Miller Act allows a different result.

## V. THE ARIZONA LITTLE MILLER ACT

In 1969, Arizona enacted A.R.S. § 34–221, *et seq.* modeled after the Federal

Miller Act, 40 U.S.C. § 270a, *et seq.* (Federal Act). The Arizona Act provides:

> Every claimant who has furnished labor or material in the prosecution of the work provided for in such contract in respect of which a payment bond is furnished under the provisions of § 34–222, and who has not been paid in full … *shall have the right to sue on such payment bond.…*

A.R.S. § 34–223(A) (emphasis added)

The purpose behind both of the Miller Acts is to provide security for those who supply materials or labor in the construction of *public* projects. *General Acrylics v. United States Fidelity & Guaranty Co.,* 128 Ariz. 50, 52, 623 P.2d 839, 841 (App. 1980). Since no lien rights are allowed on public projects, the Arizona Act allows an unpaid party to recover for performance under the payment bond. *General Acrylics,* 128 Ariz. at 54, 623 P.2d at 843.

■ Like the Federal Act, the Arizona Act does not state *who* must be joined as a party. Federal case law, however, has generally held that a claimant need not join the general contractor when suing a surety. *U.S. v. Peerless Insurance Co.,* 374 F.2d 942, 945 (4th Cir.1967); *U.S. ex rel. Goodenow v. Aetna Casualty & Surety Co.,* 5 F.2d 412, 413 (6th Cir.1925). We do not believe such interpretation of the federal statute is allowed by the Arizona Act for two reasons.

First, the Federal Rules of Civil Procedure do not contain a counterpart to Rule 17(f). Rule 17(f) is a procedural rule. *State Automobile & Casualty Underwriters v. Engler,* 90 Ariz. 321, 324, 367 P.2d 665, 667 (1962). Thus, the interpretation of the Federal Act is made without a federal equivalent of Rule 17(f). We have stated on occasion that when the state legislature adopts or models a statute after that of another state or the federal government, relevant judicial interpretations from the "donor" jurisdiction will be persuasive in interpreting the Arizona statutory counterpart. *State v. Tramble,* 144 Ariz. 48, 51, 695 P.2d 737, 740 (1985). However, to be persuasive, the construction given by the courts of the donor jurisdiction must be based on the same statute or rule. In the instant case, the Federal Rules of Civil Procedure have no counterpart to Rule 17(f). Accordingly, the cases construing the Federal Act have not dealt with the effects of such a rule. Conceivably, had the Federal Rules contained a counterpart to Rule 17(f), the interpretation placed upon the Federal Act might have been different. We therefore do not find the interpretation placed by the federal courts on the Federal Act to be persuasive.

Second, when the legislature enacts a statute, there is a presumption that the legislature has knowledge of the existing laws. *Daou v. Harris,* 139 Ariz. 353, 357, 678 P.2d 934, 938 (1984). In this case, Rule 17(f) was in effect at the time the Arizona Act was adopted and the Arizona Legislature had presumptive knowledge of the Rule. The Arizona Act makes no mention of Rule 17(f), nor are there any provisions of the Act which would remove the Act from application of Rule 17(f). Had the legislature intended to exempt Rule 17(f) from the provisions of the Arizona Act they could have easily done so. The fact that they did not is persuasive.

## VI. HOLDING

We hold that the Arizona Little Miller Act, A.R.S. § 34–221, *et seq.,* is subject to the procedural requirements of Ariz.R. Civ.P. 17(f). The Act contains no expressed or implied exceptions or limitations which would defeat or restrict the application of Rule 17(f). Neither will applying the requirement of Rule 17(f) frustrate the purpose of the Act.

The decision of the court of appeals is vacated and the decision of the trial court is affirmed.

GORDON, C.J., FELDMAN, V.C.J., and HOLOHAN and MOELLER, JJ., concur.