684 F.Supp. 190 (1988)
UNITED STATES of America, for the Use and Benefit of S.C.I. CONSTRUCTION CO., INC., Plaintiff,
v.
Ray GAJIC doing business as Gajic Engineering Co., Dragon Construction Co. and Dependable Insurance Company, Inc., Defendants.
No. 87 C 10502.
United States District Court, N.D. Illinois, E.D.
April 11, 1988.
*191 A-Mark L. Schwarz, Chicago, Ill., for plaintiff.
Robert M. Stephenson, Matthew F. Kennelly, Cotsirilos, Crowley, Stephenson, Tighe & Streicker, Ltd., Chicago, Ill., for defendants.

ORDER
NORGLE, Judge.
Before the court is defendant's, Ray Gajic's ("Gajic"), motion to dismiss for failure to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(6). For the following reasons, the motion is denied.
Gajic, the prime contractor, was awarded the contract for construction of a Norwood Park post office. Under provisions of the Miller Act, 40 U.S.C. § 270a(a)(2), he furnished a bond for the protection of those supplying labor or material. Gajic entered into a subcontract with Dragon Construction. Dragon, in turn, entered into a contract with S.C.I. Construction ("SCI") for the performance of certain concrete work. The relevant inquiry is whether SCI, a sub-subcontractor, has a cause of action on the bond against Gajic without any direct contractual relationship between them.
Under 40 U.S.C. § 270b(a), "every person who has furnished labor or material ... [may] sue on such payment bond...." That section also provides that "any person having a direct contractual relationship with a subcontractor but no contractual relationship ... with the contractor furnishing said payment bond shall have a right of action [on] the bond upon giving written notice to said contractor...." Section 270b(a) quite simply provides a right of action to a sub-subcontractor on the payment bond against the party who provided the bond, the prime contractor, as long as the required notice is given. SCI alleges in its complaint that the required notice was given to Gajic. Second Amended Complaint, ¶ 9. Gajic fails to challenge this allegation.
Caselaw supports the conclusion that a sub-subcontractor may sue on a payment bond executed pursuant to the Miller Act. The Supreme Court in dicta stated that under § 270b "a prime contractor [is] secondarily liable to suppliers of the subcontractor." Southern Construction Co. v. Pickard, 371 U.S. 57, 58 n. 1, 83 S.Ct. 108, 109 n. 1, 9 L.Ed.2d 31 (1962). In Undersea Engineering & Construction Co. v. Int'l Telephone & Telegraph Corp., 429 F.2d 543 (9th Cir.1970), the court concluded that a sub-subcontractor had no claim in quasi-contract because of a lack of contractual dealings between the parties. Id. at 552. However, that action was not brought under the Miller Act, but under a quasi-contract theory. The court expressly limited its holding, stating its decision was made, "in the absence of legislation specifically permitting the same [allowing a sub-subcontractor to sue a prime contractor without a contractual relationship]", and cited to the Miller Act, 40 U.S.C. § 270b. Id. Thus, the court implicitly stated that § 270b provides this avenue of relief to a sub-subcontractor. (This court takes note of the fact that another distinct portion of the Undersea holding was overruled in Avery v. United States, 829 F.2d 817 (9th Cir.1987)). Moreover, in United States v. John A. Johnson & Sons, 236 F.2d 864 (3rd Cir.1956), the Third Circuit Court of Appeals allowed a corporation which performed work on a subcontractor's steam shovel to recover against the sureties on a payment bond executed pursuant to the Miller Act. See also United States v. Avanti Constructors, Inc., 750 F.2d 759 (9th Cir.1984), cert. denied sub nom., Harvis Construction, Inc. v. United States, 474 U.S. 817, 106 S.Ct. 60, 88 L.Ed.2d 49 (1985); United States v. Neosho Construction Co., 599 F.2d 930 (10th Cir.1979); United States v. Cortelyou & Cole, Inc., 581 F.2d 239 (9th Cir.1978).
In conclusion, the Miller Act clearly provides a cause of action to a sub-subcontractor on the payment bond. SCI, the sub-subcontractor, has a valid claim against Gajic, the prime contractor. Thus, Gajic's motion to dismiss is denied.
IT IS SO ORDERED.