758 P.2d 649

**INTERNATIONAL HARVESTER COM-
PANY** and International Harvester
Credit Corporation, Plaintiffs/Appel-
lees,

v.

**Robert FUOSS and Janice Fuoss, hus-
band and wife; and Phil Curtis and
Nancy Curtis, husband and wife, De-
fendants/Appellants.**

No. 2 CA–CV 87–0248.

Court of Appeals of Arizona,
Division 2, Department A.

May 26, 1988.

Motion for Reconsideration Denied and
Opinion Corrected July 13, 1988.

Jones, Skelton & Hochuli by William D.
Holm and James D. Osborne, Phoenix, for
plaintiffs/appellees.

Anderson & Welker, P.C. by Dudley S.
Welker, Safford, for defendants/appel-
lants.

## OPINION

LACAGNINA, Chief Judge.

Robert and Janice Fuoss and Phil and Nancy Curtis, guarantors of debts and obligations of a corporation, appeal from a judgment in favor of International Harvester Company and International Harvester Credit Corporation (IH) for the following amounts.

1. Open account—$27,390.62.

2. Deficiency on equipment—$43,181.14.

3. Interest at the rate of 10%—$18,350.91.

4. Costs and attorneys' fees—$13,000.00.

The guarantors argue that 1) they were discharged from any obligation on the open account because IH's action against the corporation primarily liable was barred by the statute of limitations; 2) that they were entitled to notice of resale of repossessed equipment and parts pursuant to A.R.S. § 47–9504(C) and that said notice could not be waived because of A.R.S. § 47–9501(C); and 3) that the resale of equipment and parts taken by IH was not conducted in a commercially reasonable manner.

First, we hold that the running of the statute of limitations does not bar the action against the guarantors because it was filed within the limitations period. Additionally, although we agree that the guarantors could not waive notice of resale and were entitled to sufficient notice of said sale, nevertheless, we affirm the judgment of the trial court for the deficiency against Robert Fuoss, Janice Fuoss and Phil Curtis because there was sufficient evidence that the resale and other disposition of repossessed property were conducted in a commercially reasonable manner. Finally, we reverse the judgment against Nancy Curtis because she was discharged from her guaranty when IH continued to do business with the corporation by extending it credit without notice to her after it knew that she was divorced from Phil Curtis, had no participation in the business, and that the corporation was experiencing financial problems.

## FACTS

Curtis and Fuoss, Inc., an Arizona corporation, was a dealer for IH farm equipment, pursuant to a sales and service agreement. Robert Fuoss, Janice Fuoss, Phil Curtis and Nancy Curtis executed separate guaranty agreements during the first part of June 1979. At that time a divorce action was pending between Phil and Nancy Curtis, and after the divorce was final, Phil remarried. IH had actual knowledge of the divorce but did not obtain a new guaranty from Curtis and his new wife.

The dealer corporation suffered financial difficulties, and IH cancelled the dealership franchise in October 1983. The last purchase on the open account occurred prior to March 1983. Thereafter, IH only allowed COD purchases. When the dealership could not pay its debts, IH by virtue of its security interest in the dealer's new and used equipment, repossessed all of the equipment and parts.

On December 6, 1983, a notice of sale of parts and equipment was mailed to Robert Fuoss, Janice Fuoss, and Phil Curtis stating that the collateral would be sold by private sale on or after December 15, 1983. No notice was mailed to Nancy Curtis. The farm equipment was moved to another IH dealership operated by Sam Stapley in Chandler, Arizona. Mr. Stapley advertised and promoted the sale of the equipment. IH placed advertisements in trade journals and agriculture magazines in Arizona, California and Texas. IH offered financial incentives to potential buyers, including low down payments and interest-free financing. The equipment was sold and a deficiency of $43,181.14 established.

## STATUTE OF LIMITATIONS

No action was ever brought by IH to recover the debt owed by the corporation, and A.R.S. § 12–543 now bars it from taking any action to collect from the corporation. Although the guarantors might have defended against the action on the ground that the requirements of Rule 17(f),

Ariz.R.Civ.P., 16 A.R.S.,[1] were not met, this issue was not raised by them either in the trial court or on appeal and is waived. *See* Rules 9(a) and (i), Ariz.R.Civ.P., 16 A.R.S. As the supreme court in *State Automobile & Casualty Underwriters v. Engler*, 90 Ariz. 321, 367 P.2d 665 (1961), has stated:

> The defendant [surety] urges that the requirement of Rule 17(f) is jurisdictional and cannot be waived. It is the opinion of this court that it is procedural and can be waived. Nowhere in the record does it appear that this matter was urged upon the trial court. This court cannot go behind the record; the defense was waived.

90 Ariz. at 324, 367 P.2d at 667. Because the action against the guarantors was filed within three years, the statute of limitations is not a bar.

### DEFICIENCY JUDGMENT

■ We reject IH's argument that the guarantors waived notice by the terms of their agreement. The definition of "debtor," A.R.S. § 47–9105(A)(5), includes guarantors.

> 5. "Debtor" means the person who owes payment or other performance of the obligation secured, whether or not he owns or has rights in the collateral, and includes the seller of accounts or chattel paper. Where the debtor and the owner of the collateral are not the same person, the term "debtor" means the owner of the collateral in any provision of the article dealing with the collateral, the obligor in any provision dealing with the obligation, and may include both where the context so requires.

The notice required by A.R.S. § 47–9504(C) could not be waived pursuant to A.R.S. § 47–9501(C). *First National Bank of Denver v. Cillessen*, 622 P.2d 598 (Colo. App.1980); *Barnett v. Barnett Bank of Jacksonville*, 345 So.2d 804 (Fla.App.1977);

*McEntire v. Indiana National Bank*, 471 N.E.2d 1216 (Ind.App.1984).

On December 6, 1983, the notice of sale of the collateral taken by IH from the corporation was mailed in attempted compliance with A.R.S. § 47–9504(C) stating that the property would be sold at private sale on or after December 15. The return receipts show that Phil Curtis received the notice on December 12, three days before the sale, and Robert and Janice Fuoss received it on December 19, four days after the sale. No notice was sent to Nancy Curtis.

■ Assuming arguendo that the notice was inadequate and failed to comply with A.R.S. § 47–9504(C), the guarantors are not relieved from liability for the deficiency arising from the sale unless IH disposed of the collateral in a commercially unreasonable manner which resulted in damage or loss to the debtor. *Chapman v. Field*, 124 Ariz. 100, 602 P.2d 481 (1979).

■ Whether a particular disposition is commercially reasonable is a question of fact. *Gulf Homes, Inc., v. Goubeaux*, 124 Ariz. 142, 602 P.2d 810 (1979). Without findings of fact or conclusions of law, we view the evidence and reasonable inferences therefrom in the light most favorable to the party who prevailed in the trial court and will affirm the judgment of the trial court if supported by any competent evidence. *Bates & Springer of Arizona, Inc. v. Friermood*, 109 Ariz. 203, 507 P.2d 668 (1973); *Equitable Life Assurance Soc. of U.S. v. Anderson*, 151 Ariz. 355, 727 P.2d 1066 (App.1986).

Implicit in the judgment in favor of IH on the deficiency is the trial court's determination that the disposition of property occurred in a commercially reasonable manner. A.R.S. § 47–9507(B) provides:

> B. The fact that a better price could have been obtained by a sale at a different time or in a different method from

---

1. **17(f) Actions against surety, assignor or endorser.** The assignor, endorser, guarantor and surety upon a contract, and the drawer of a bill which has been accepted, may be sued without the maker, acceptor or other principal obligor when the latter resides beyond the limits of the state, or in such part of the state that he cannot be reached by ordinary process of law, or when his residence is unknown and cannot be ascertained by the use of reasonable diligence, or when he is dead, or insolvent.

that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner. If the secured party either sells the collateral in the usual manner in any recognized market therefor or if he sells at the price current in such market at the time of his sale or if he has otherwise sold in conformity with reasonable commercial practices among dealers in the type of property sold he has sold in a commercially reasonable manner. The principles stated in the two preceding sentences with respect to sales also apply as may be appropriate to other types of disposition.

There is evidence to support the trial court's determination. New parts and equipment were bought back by IH pursuant to the dealership agreement for 105% of the original dealer cost less discounts for parts with limited shelf life, obsolete or damaged parts and discounts for weathering or missing parts. Used equipment was sold through another IH dealer in order to obtain the highest price in a depressed market by selling the equipment over a 12–month period by advertising and promoting the sale and by offering dealer and financing incentives to prospective buyers. There was evidence that the collateral sold for an average price almost double that received at public auction in 1984 for similar equipment. All disputed evidence on the sale of any particular piece of equipment was resolved by the trial court by its judgment in favor of IH for the deficiency judgment against Phil Curtis, Robert and Janice Fuoss and is affirmed.

█ We reject guarantors' argument that the portion of the deficiency judgment concerning a 3388 tractor is invalid. They argue that because they failed to submit the original signed note into evidence, the judgment, based upon an unsigned contract, would be invalid. We disagree. First, the trial court had before it the signed guaranties, and an identical unsigned copy of the note. In addition, there was in evidence a UCC financing statement signed by Phil Curtis dated May 25, 1979, acknowledging IH's security interest in "all

new and used agricultural tractors, machines and equipment."

Second, the trial court's ruling in favor of IH did not depend upon the submission of the signed copy. The trial court did "leave [the] case pending for purpose of securing—if [counsel for IH] wishes to buttress up his position any tighter, to secure [the note]." The court also stated it was "flat out leaving it open, if [he wished] to pursue that." We assume the trial court found the signed guaranties, the financing statement, the unsigned copy of the note, and the testimony from IH witnesses sufficient to support the existence of the contract. *Coronado Co. Inc. v. Jacome's Dept. Store*, 129 Ariz. 137, 629 P.2d 553 (App.1981). From this evidence, a rational trier of fact could have concluded that a contract existed, and we will not disturb that portion of the judgment. *See Yano v. Yano*, 144 Ariz. 382, 697 P.2d 1132 (App. 1985).

## NANCY CURTIS

█ Although the collateral was sold in a commercially reasonable manner, the deficiency judgment against Nancy Curtis is reversed based on the reasoning of our decision in *Georgia Pacific Corporation v. Levitz*, 149 Ariz. 120, 716 P.2d 1057 (App. 1986). IH knew that Nancy Curtis was divorced from Phil Curtis shortly after the guaranty was signed, that she had no involvement with the corporation thereafter, and that Phil remarried. IH was aware of the corporation's financial difficulties but did not notify Nancy Curtis of this situation, nor did it obtain a guaranty from Phil's new wife. Nancy Curtis might have revoked her guaranty if IH had advised her of the corporation's deteriorating financial condition and avoided any liability. Her failure to revoke her guaranty was the result of a unilateral mistake of fact (financial deterioration of the corporation) known by IH, and its failure to notify her of her increased risk prevents it from enforcing the guaranty. Restatement (Second) of Securities § 124(1) (1941). *See also Georgia Pacific Corp. v. Levitz, supra.*

The judgment is affirmed in part and reversed in part.

HOWARD, P.J., and HATHAWAY, J., concur.