893 P.2d 1

**TRIO FOREST PRODUCTS, INC., Plaintiff/Appellant,**

v.

**FNF CONSTRUCTION, INC., and National Union Fire Insurance Company of Pittsburgh, PA., a Pennsylvania corporation, Defendants/Appellees.**

No. 2 CA–CV 94–0071.

Court of Appeals of Arizona, Division 2, Department B.

June 16, 1994.

Reconsideration Denied Aug. 30, 1994.

Review Denied April 25, 1995.

Horne, Kaplan & Bistrow, P.C. by Thomas C. Horne, Martha B. Kaplan and Michael S. Dulberg, Phoenix, for plaintiff/appellant.

Renaud, Cook, Videan, Geiger & Drury, P.A. by Steven G. Mesaros, Phoenix, for defendants/appellees.

**OPINION**

HATHAWAY, Judge.

This is an appeal from a summary determination by the trial court holding that appellant Trio Forest Products, Inc. (Trio) had no claim against appellees FNF Construction, Inc. (FNF) and its surety, National Union Fire Insurance Company of Pittsburgh, PA., (National Union), under the Arizona Little Miller Act, A.R.S. §§ 34–221 through 34–226. We reverse.

Arizona enacted the Little Miller Act in 1969, modeling it after the Federal Miller Act, 40 U.S.C. §§ 270a through 270d (the Federal Act). Both acts require that a general contractor on a public project post a bond to ensure that all who supply labor or materials on the project are paid. The Little Miller Act provides, in part:

Every claimant who has furnished labor or material in the prosecution of the work provided for in such contract in respect of which a payment bond is furnished under the provisions of § 34–222, and who has not been paid in full ... shall have the right to sue on such payment bond ..., provided however that any such claimant

having a direct contractual relationship with a subcontractor of the contractor furnishing such payment bond but no contractual relationship express or implied with such contractor shall have a right of action upon such payment bond upon giving the contractor only a written preliminary twenty day notice....

A.R.S. § 34–223(A). Since no lien rights are permitted on public projects, the Little Miller Act allows an unpaid party to recover under the bond. *General Acrylics v. United States Fidelity and Guaranty Co.*, 128 Ariz. 50, 623 P.2d 839 (App.1980). The broad purpose behind both acts is to "provide protection comparable to that afforded by state mechanic's lien laws on private contracts...." *J.W. Bateson Co., Inc. v. U.S. ex rel. Board of Trustees*, 434 U.S. 586, 602, 98 S.Ct. 873, 882, 55 L.Ed.2d 50, 62 (1978).

## FACTS

FNF was the general contractor on a bridge project for the Arizona Department of Transportation. As required by Arizona's Little Miller Act, FNF provided payment and performance bonds that were supplied by National Union as its surety. FNF subcontracted with S.Y. Construction, Inc. (S.Y.) to build the bridge, and S.Y. contracted with Southern American Insurance Company (Southern American) to provide payment and performance bonds. Appellant Trio was a material supplier to S.Y. Soon after the project began, S.Y. defaulted and Southern American, as its surety, assumed responsibility for completion of the project. In that capacity, Southern American completed the subcontract through its wholly-owned subsidiary, Seven Peaks Construction, Inc. (Seven Peaks).

At the inception of Southern American's involvement, it told FNF that "Seven Peaks Construction is a wholly-owned subsidiary of Southern American Insurance created for the sole purpose of ease in completing defaulted construction projects." Seven Peaks further stated that "you [FNF] should treat Seven Peaks for all purposes as the completing contractor on the project." FNF did so and never objected to this arrangement. Throughout the completion of the project,

FNF addressed letters to "S.Y./7 Peaks Construction" and obligated Southern American through Seven Peaks to perform according to the precise terms of the original subcontract with S.Y. FNF made all contract payments to Seven Peaks under the S.Y. contract name and number.

It is undisputed that Trio filed all preliminary notices required by the Little Miller Act to put FNF on notice that it was a material supplier. Before the project was completed, Southern American filed for bankruptcy. S.Y. paid Trio for materials, but Seven Peaks did not. This case is based upon a claim by Trio against FNF and National Union for the balance due for materials it supplied to Seven Peaks.

Both parties filed motions for summary judgment. The trial court ruled in favor of FNF that Trio had "no claim against FNF for lumber furnished to Seven Peaks Construction, Inc. because it was sub-subcontractor to FNF, thereby making Plaintiff too remote to recover on FNF's payment bond." We disagree and reverse.

## ARIZONA'S LITTLE MILLER ACT PROVIDES PROTECTION FOR A SUB–SUBCONTRACTOR

FNF argues that because the Little Miller Act was modeled upon the Federal Act, Arizona courts must follow federal case law which holds that a sub-subcontractor may not recover under the Federal Act. *J.W. Bateson Co., supra.* We disagree. This court is under no obligation to follow federal decisions that interpret the Federal Act. Division One of the Arizona Court of Appeals has noted the "conspicuous lack of reported decisions dealing with Arizona's version of this statute [Little Miller Act]." *Honeywell, Inc. v. Arnold Const. Co., Inc.*, 134 Ariz. 153, 156, 654 P.2d 301, 304 (App. 1982) (Federal Act followed because its notice period was the same as in the Little Miller Act); *See also, SCA Const. Supply v. Aetna Casualty & Surety Co.*, 157 Ariz. 64, 754 P.2d 1339 (1987) (Arizona Supreme Court declined to follow Federal Act where there was no federal counterpart to the Arizona rule in question, and federal case law was thus inapplicable).

■ FNF argues that because it did not enter into a separate subcontract with Southern American, Trio, as Seven Peaks' subcontractor was too remote to recover under FNF''s surety. To the contrary, the correct test to determine whether the parties are too remote to allow recovery is a functional relationship test which examines the nature of the dealings between the parties. *Advance Leasing & Crane Co., Inc. v. Del E. Webb Corp.*, 117 Ariz. 451, 573 P.2d 525 (App.1977); *cf. Ray Electric, Inc. v. Merchants Bonding Company (Mutual)*, 157 Ariz. 374, 758 P.2d 149 (App.1988) (court looks at elements such as who exercises control to determine contractual chain for Little Miller Act purposes). This court has previously held that a direct contract between a supplier and a general contractor is not required for the supplier to recover under the Little Miller Act. *Arizona Laborers, Teamsters & Cement Masons Local 395 Health & Welfare Trust Fund v. New Pueblo Constructors, Inc.*, 131 Ariz. 278, 640 P.2d 209 (App.1982) (subcontractor may sue on general contractor's bond even though no contract between the supplier and the general contractor).

The nature of the dealings between the parties is relevant in determining whether the parties are too remote to allow recovery. The diminished importance of privity in this context was recently acknowledged in the federal setting. *United Structures of America v. G.R.G. Engineering S.E.*, 9 F.3d 996 (1st Cir.1993) (privity makes no difference in ruling on setoff defense under the Miller Act). In this case, it was not necessary that the parties enter into a new subcontract to reiterate the identical terms provided in the original subcontract. The evidence demonstrates that the parties understood that Seven Peaks, through its relationship with Southern American, stood in the shoes of S.Y. FNF communicated directly with Seven Peaks as its subcontractor, and it dealt with Trio as a subcontractor to Seven Peaks, just as Trio had been to S.Y. The trial court's determination ignores the undisputed reality of the relationship between the parties.

The Little Miller Act contains a twenty-day preliminary notice requirement, which is noticeably absent from the Federal Act, providing a further basis for distinction between the two acts. The notice must be given no later than twenty days after the claimant has first furnished, *inter alia*, materials to the job site. A.R.S. §§ 34–223(A) and 33–992.01(C). The trial court's concern about remoteness is obviated by the twenty-day preliminary notice requirement; Trio provided proper notice to FNF and FNF was aware that Trio was a supplier who might ultimately look to it for payment. The United States District Court of Illinois determined that the Federal Act provided protection for a sub-subcontractor, as long as the required notice was given. *U.S. ex rel. S.C.I. Const. Co., Inc. v. Gajic*, 684 F.Supp. 190 (N.D.Ill.1988).

### SUMMARY JUDGMENT WAS IMPROPERLY GRANTED

The facts are undisputed that once S.Y. was unable to perform and Southern American stepped in its place, the terms of the original contract remained intact. FNF treated Seven Peaks exactly as it had treated S.Y. and communicated directly with Seven Peaks as a subcontractor. When Southern American and Seven Peaks, as its wholly-owned subsidiary, stepped in to complete the project for S.Y., the relationship between FNF and Southern American/Seven Peaks paralleled the relationship between FNF and S.Y. Thus, Trio, as a functionally equivalent subcontractor of Seven Peaks, is entitled to the same bond protection it was entitled to as a subcontractor of S.Y. Summary judgment in favor of FNF was therefore inappropriate.

### CONCLUSION

A decision in favor of Trio serves the public policy of the Little Miller Act, to protect those who supply labor and materials on public projects, and complies with Arizona's policy of liberally construing materialmen's statutes in favor of materialmen. Summary judgment in favor of FNF and National Union is reversed. Trio has requested attor-

**4**

ney's fees on appeal, which shall abide the trial court's final determination.

Reversed.

DRUKE, C.J., and ESPINOSA, P.J., concur.